IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE ELLEN A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:17-cv-2445-B-BT |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision should be affirmed.

## Background

Plaintiff alleges that she is disabled due to repetitive stress injury in both hands. Administrative Record 33-34, 175 ("A.R.") (ECF No. 15-1). After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing took place on April 11, 2016. *Id.* 29-64. At the time of the hearing, Plaintiff was 38 years old. *Id.* 34. She has more than a college education and past work experience as a teacher's aide, an attorney, and a food demonstrator. *Id.* 5-58, 188.

The ALJ found that Plaintiff was not disabled and, therefore, not entitled to disability benefits. *Id.* 24. At step one of the five-step sequential evaluation,[1] the ALJ found Plaintiff has not engaged in substantial gainful activity since December

---

[1] The Commissioner uses the following five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act:

> 1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). At step five, the burden shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

15, 2009. *Id.* 16. At steps two and three, the ALJ found that Plaintiff's repetitive stress injury of the bilateral hands was a severe impairment, but that her impairment did not meet or equal the severity of any impairment listed in the social security regulations. *Id.* 18. At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* The ALJ further determined that Plaintiff could return to her past work as an attorney. *Id.* 22. Alternatively, the ALJ found that Plaintiff was capable of working as an information clerk, an appointment clerk, and a dispatcher—jobs that exist in significant numbers in the national economy. *Id.* 23.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court in which she argues the ALJ erred in finding her not disabled because her severe impairments meet or equal the criteria for Listing 1.02(B), major dysfunction of a joint.

## Legal Standards

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation

marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

In her sole ground for relief, Plaintiff argues the ALJ erroneously found her severe bilateral hand impairment does not meet or equal Listing 1.02(B).

The Social Security Administration considers the impairments included in the regulatory listings so severe that they automatically preclude the claimant from substantial gainful activity. *Sullivan v. Zebley*, 493 U.S. 521, 531-32 (1990) (citing 20 C.F.R. § 416.925(a)). Thus, meeting an impairment in the listings serves as a "short-cut" for the claimant since the impairment renders her *per se* disabled. *Elam v. Barnhart*, 386 F. Supp. 2d 746, 755 (E.D. Tex. 2005) (citing *Albritton v. Sullivan*, 889 F.2d 640, 642 (5th Cir. 1989)). A claimant must establish that she satisfies all of the criteria in a listing, including any relevant criteria in the introductory sections, in order to qualify as disabled under that particular listing.

20 C.F.R. § 404.1525(c)(3). When a claimant's impairment is not the same as a listed impairment, the claimant must show the impairment is medically equivalent to a listed impairment; that is, the claimant must show his or her "symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria." 20 C.F.R. § 416.929(d)(3). "An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530 (citing S.S.R. 83-19, 1983 WL 31248 (Jan. 1, 1983)); *see also* 20 C.F.R. § 404.1525(d) ("To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies *all* of the criteria in the listing.) (emphasis added). The criteria for the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994).

Listing 1.02(B), major dysfunction of a joint, provides, in pertinent part, that the impairment is:

> Characterized by gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> \* \* \*
>
> Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively . . . .

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 1.02(B). An "inability to perform fine and gross movements effectively" means "an extreme loss of function of both upper

5

extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." *Id.* § 1.00B2c. For example, the inability to perform fine and gross movements effectively includes lacking ability to prepare a simple meal and feed oneself, take care of personal hygiene, sort and handle paper files, and place files in a filing cabinet at waist level. *Id.*

In this case, the ALJ specifically considered whether Plaintiff's severe bilateral hand impairment satisfied all the criteria of Listing 1.02(B) and determined that it did not. In support of that decision, the ALJ explained:

> The claimant's hand pain does not meet or medically equal the severity of listing 1.02(B), which deals with the major dysfunction of a joint, involving the hand, because it has not resulted in the inability to perform fine and gross movements effectively, as defined in 1.00B2c. The claimant reported that she can sew a little and she testified that she will sew, even if it gets painful on occasion. (4E/4). In addition, she testified that she folds laundry, takes out the recycling, and empties the dishwasher.

A.R. 18. Plaintiff characterizes this explanation as "a bare conclusion" that is "beyond meaningful judicial review." Pl.'s Br. 4 (ECF No. 21). The Court disagrees. The ALJ succintly and unambiguously explained that the reason she decided Plaintiff's hand impairment does not meet or medically equal the severity of Listing 1.02(B) is because the impairment has not prevented Plaintiff from performing fine and gross movements effectively. A.R. 18. The ALJ further gave examples—from Plaintiff's own testimony—of fine and gross movements Plaintiff can perform effectively, including sewing and light housework (laundry and emptying the

6

recycling and the dishwasher). *Id.* Though brief, the ALJ's analysis is not so conclusory as to impair judicial review.

Plaintiff further contends that the decision is not supported by substantial evidence. According to Plaintiff, the medical evidence shows she was more limited than the ALJ found. Most of the evidence on which Plaintiff relies is her own testimony describing her limitations. Here, the ALJ considered Plaintiff's complaints of pain in the context of the entire record and refused to find that her alleged impairment was disabling *per se.* A.R. 19. The ALJ specifically found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record. *Id.* In particular, the ALJ noted that Plaintiff's medical exams showed mostly normal findings, normal x-rays, and negative nerve conduction studies; testing repeatedly showed no muscular weakness, loss of sensation, joint pain, or swelling. *Id.* 19-20; *see also id.* 254, 257, 261-62, 290-91, 307, 311, 314, 315, 326, 368, 370. To the extent Plaintiff relies on her neck pain as a basis for her hand problems, the ALJ noted a cervical MRI showed only subtle disc bulges; the radiology report further notes no significant cord or foramen encroachment with normal cord signal pattern. *Id.* 17, 325. The ALJ applied the correct legal standards to assess Plaintiff's subjective complaints of pain. The ALJ did not "mischaracterize" Plaintiff's activities—or any other evidence—to find Plaintiff not disabled.

Plaintiff points to evidence that she experienced tenderness to forearms, wrists, hands, decreased strength, inability to perform repetitive activities, pain with motion, and that she received multiple diagnoses related to these symptoms, including: bilateral carpal tunnel syndrome, bilateral ulnar nerve palsy, right de Quervain's tenosynovitis, bilateral arm, wrist and hand pain, chronic musculoskeletal arm pain/overuse syndrome, chronic upper extremity pain symptoms associated with overuse, chronic myalgias and arthralgias related to overuse syndrome, suspected repetitive trauma syndrome, and repetitive stress/strain injury ("RSI"). Pl. Br. 5. (citing A.R. 226, 237, 250, 253, 255, 257-58, 266, 268, 274, 276, 278, 281, 291, 292, 296, 302-305, 307-313, 339, 370, 373, 374, 375, 378-554, 558, 566, 567, 570). Plaintiff also points to evidence that she has received medical treatment for RSI to both hands and chronic upper extremity pain. *Id.* But merely stating symptoms and cataloguing diagnoses and medical history is insufficient to establish that an impairment satisfies the criteria of a listing. 20 C.F.R. § 404.1525(d) ("Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis.").

Plaintiff further points to evidence that Dr. Salmon, a treating physician, believes Plaintiff is unable to do any job that requires finger dexterity, regular computer use, any repetitive action with her hands, or the application of manual force with her hands. Pl.'s Br. 5. Plaintiff claims Dr. Salmon's opinion is supported by objective findings of weakness of the hand and forearm muscles, tight sensations in the hands, and some paresthesia. *Id.*; A.R. 574, 578-79. However, Dr.

8

Salmon's opinion that Plaintiff is "unable to work" is not a medical opinion. The determination of whether Plaintiff is "unable to work," and, therefore, disabled is a legal conclusion reserved for Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (citing 20 C.F.R. § 404.1527(e), (e)(3)). The ALJ specifically rejected Dr. Salmon's opinion to the extent it was inconsistent with the medical evidence. A.R. 21.

Plaintiff also criticizes the ALJ for not ordering a consultative examination. The ALJ must fully and fairly develop the facts relating to a claim for disability benefits, or else the resulting decision is not substantially justified. *Ripley*, 67 F.3d at 557 (citations omitted). Nonetheless, such a decision will be reversed only if the claimant shows that she was prejudiced. *Id.* (citation omitted); *see also Audler v. Astrue*, 501 F.3d 446, 448 ("Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.") (internal quotation marks and citation omitted). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22 (citation omitted). In other words, Plaintiff "must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (per curiam) (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). In this case, Plaintiff fails to establish prejudice because she does not identify any additional evidence that would have been available as a result of a consultative examination.

9

Finally, the Court finds substantial evidence supports the ALJ's decision. The medical record contains evidence of several normal exams and negative test results, as well as opinions from state agency physicians who found there was insufficient evidence to make a medical assessment that Plaintiff's impairment met or equaled the Listing. A.R. 65-70, 72-78, 254, 261, 290-91, 307, 311, 314, 315, 326, 368, 370, 397. The record also shows Plaintiff's activities are inconsistent with her claim of total disability. Plaintiff works part-time as a teacher's aide and takes college classes in pursuit of a degree in musicology. *Id.* 37-38. Although she receives some accommodations, Plaintiff testified that she grades student work, takes handwritten notes, and uses a computer to prepare assignments for class. *Id.* 37, 40, 53. She also sometimes drives a car, shops, does light housework, and sews a little. *Id.* 36, 43, 47, 50. Viewing the evidence as a whole, Plaintiff fails to demonstrate an extreme loss in her ability to use her upper extremities to conduct daily living activities as required by Listing 1.02(B).

## Conclusion

The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision should be affirmed in all respects.

Signed January 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).